[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-13032
_____

D. C. Docket No. 98-00920 CV-T-N

OSI, INC., a corporation

Plaintiff-Appellant,

versus

THE UNITED STATES OF AMERICA,
DONALD RUMSFELD, Honorable,
as Secretary of Defense,
F. WHITTEN PETERS, Honorable,
as Acting Secretary of the Air Force,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(March 12, 2002)**

Before ANDERSON, Chief Judge,  DUBINA, Circuit Judge, and MILLS*, District
Judge.

ANDERSON, Chief Judge:

_____

*Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by
designation.

OSI, Inc. is the current owner of property adjacent to Maxwell Air Force Base near Montgomery, Alabama. The soil and groundwater have been contaminated by Air Force landfills on and near their property. OSI filed this suit alleging state law tort claims against the United States, pursuant to the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. They later amended their complaint to include violations of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §§ 6901-6992k, and the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9601-9675. The district court dismissed the FTCA claims for lack of jurisdiction, on the grounds that the discretionary function exception applied, and granted summary judgment on the RCRA and CERCLA claims. We affirm the dismissal of the FTCA claims, but vacate and remand the RCRA and CERCLA decisions for further consideration by the district court.

## I. FACTS

### A. Factual Background

For thirty years, beginning in 1956, the U.S. Air Force maintained three solid waste landfills on and near Maxwell Air Force Base near Montgomery, one of which was located on private property leased by the Air Force. The three

landfills, LF4, LF5, and LF6, were used for "household garbage, paper, wood, scrap metal, paint and paint cans, solvent sludges, and pesticide containers." Some of the waste also apparently contained hazardous materials. The Air Force ceased using LF4 in the early 1970s when the lease on the private property expired. LF5 was used from then until 1974, at which point LF6 was opened and used through 1986. LF6 was closed in 1993.

In 1979, OSI, Inc., a manufacturer of metal buildings, purchased property which includes the site of LF4. The property is adjacent to Maxwell AFB and just north of the sites of LF5 and LF6. In July, 1997, the Air Force alerted OSI to possible groundwater contamination from the landfills when it asked to place monitoring wells on the property. OSI then commissioned its own study of the contamination.

It appears that there are hazardous compounds in the soil, some of which exceed federal statutory limits. There is also apparently contamination in the groundwater which flows through OSI's property in a path toward the Alabama River and the City of Montgomery. The Air Force has been studying the problem and developing a restoration program. OSI challenges the scope of the plan and seeks compensation from the government for loss of property value and past and future costs arising from the contamination.

B.  Procedural History

OSI, Inc. filed suit against the federal government in August, 1998, pursuant to the FTCA.  It alleged tortious injuries from contamination by the landfills.  Both parties moved for summary judgment.  While the motions were pending, the government made an additional motion to dismiss for lack of subject matter jurisdiction.  According to the government, the actions of the Air Force were subject to the discretionary function exception of the FTCA.

After completion of the briefing on the motion to dismiss and the discretionary function issue, OSI filed a second amended complaint, for the first time adding claims under RCRA and CERCLA.  Both parties again moved for summary judgment on all claims.

In March, 2001, the district court filed orders on all pending motions.  Among its decisions, it granted the government's motion to dismiss the FTCA claims for lack of subject matter jurisdiction, ruling that the discretionary function exception applied to the decisions involving the landfills.  By separate order, it also granted the government summary judgment on the RCRA and CERCLA claims.  The court made no written factual findings pertaining to these claims, relying instead on a single statement adopting the legal reasoning and arguments posited by the government.  OSI now appeals these decisions.

4

## II. DISCUSSION

A. <u>The Tort Issues</u>

### 1. <u>The Discretionary Function Exception</u>

The FTCA does not provide for a complete waiver of the federal government's sovereign immunity. The liability of the United States under the FTCA is subject to the exceptions contained in 28 U.S.C. § 2680, including the discretionary function exception now at issue. That exception provides that the government is not liable for

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

We employ a two-part test for applying the discretionary function exception. First, we ask whether the act "involv[es] an element of judgment or choice." <u>U.S. v. Gaubert</u>, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273 (1991) (quoting <u>Berkovitz v. U.S.</u>, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958 (1988)); <u>Hughes v. U.S.</u>, 110 F.3d 765, 767 (11th Cir. 1997). "[I]f a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,'" there is no judgment or

5

choice involved. Gaubert, 499 U.S. at 322, 111 S.Ct. at 1273 (quoting Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1958-59); see also Phillips v. U.S., 956 F.2d 1071, 1076 (11th Cir. 1992) ("Where there exists a mandatory responsibility, there is no room for a policy choice."). The inquiry focuses on "whether the controlling statute or regulation mandates that a government agent perform his or her function in a specific manner." Hughes, 110 F.3d at 768. A decision will be subject to the exception unless "'a federal statute, regulation, or policy specifically prescribes a course of action embodying a *fixed* or *readily ascertainable standard*.'" Id. (quoting Autery v. U.S., 992 F.2d 1523, 1529 (11th Cir. 1993)).

If the conduct does "involv[e] an element of judgment or choice," we then look at "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" Gaubert, 499 U.S. at 322-323, 111 S.Ct. at 1273 (quoting U.S. v. Varig Airlines, 467 U.S. 797, 813, 104 S.Ct. 2755, 2764 (1984)). The exception is intended "to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" Id. (quoting Varig Airlines, 467 U.S. at 814, 104 S.Ct. at 2765). Thus, "when properly construed, the exception 'protects only governmental actions and decisions based on considerations of public policy.'" Gaubert, 499 U.S. at 323, 111 S.Ct. at 1274 (quoting Berkovitz,

6

486 U.S. at 537, 108 S.Ct. at 1959).

Under this second-prong of the test we look at whether the questioned act is "'susceptible to policy analysis.'" Hughes, 110 F.3d at 768 (quoting Powers v. U.S., 996 F.2d 1121, 1125 (11th Cir. 1993)). The exception does not require there to have been actual "weighing of policy considerations." Hughes, 110 F.3d at 768. Nor is it limited to decisions at the policy or planning level; it may include day-to-day management. Gaubert, 499 U.S. at 325, 111 S.Ct. at 1275; Hughes, 110 F.3d at 768. We focus on "'the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one we would expect inherently to be grounded in considerations of policy.'" Autery, 992 F.2d at 1530-31 (quoting Baum v. U.S., 986 F.2d 716, 720-21 (4th Cir. 1993)). If the decision is inherently one allowing discretion, we presume that the act was grounded in policy whenever that discretion is employed. Gaubert, 499 U.S. at 324, 111S.Ct. at 1274; Hughes, 110 F.3d at 768.

### 2. Analysis

In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists. Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 675 (1942); Menchaca v. Chrysler Credit Corp., 613 F.2d 507,

511 (5th Cir. 1980).[1]  Thus, since the government has asserted lack of subject matter jurisdiction, OSI must prove that the discretionary function exception does not apply to the disposal of the landfill material.  It makes two arguments in this regard.  First, it argues that the manuals which govern landfill decisions created mandatory obligations for the Air Force, obligations the Air Force failed to fulfill.  Second, with respect to LF6, OSI maintains that RCRA creates an alternate mandatory obligation, which the Air Force also failed to fulfill.

As a preliminary matter, we find that OSI did not raise this RCRA argument in the district court.  "As a general rule, an appellate court will not consider a legal issue or theory raised for the first time on appeal."  Formby v. Farmers and Merchs. Bank, 904 F.2d 627, 634 (11th Cir. 1990) (quoting Lattimore v. Oman Constr., 868 F.2d 437, 439 (11th Cir. 1989) (per curiam)).  We see no reason to warrant departure from the general rule here.  The briefing on the discretionary function jurisdictional issue was completed before OSI amended its complaint to include allegations of RCRA violations.  More than ten months passed before the motions were ruled upon, yet OSI made no attempt to supplement its briefing.  It briefed separately its opposition to summary judgment on the RCRA claims, and

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

incorporated into that brief all earlier arguments made in response to the motion to dismiss. However, it in no way presented to the district court the argument that the alleged RCRA violations overcome the discretionary function exception of the FTCA. Thus we hold that this argument is waived. OSI is limited to the argument that was raised before the district court, namely that the relevant Air Force manuals created a mandatory obligation which overcomes the exception.

We thus address the only argument presented to the district court. Two courts have previously considered the same Air Force manuals that governed this situation, reaching opposite conclusions. Compare Clark v. U.S., 660 F.Supp. 1164 (W.D.Wash. 1987) (holding that the manuals create a mandatory obligation that overcomes the discretionary function exception), aff'd, 856 F.2d 1433 (9th Cir. 1988) (affirming for reasons stated by the district court), with Aragon v. U.S., 146 F.3d 819 (10th Cir. 1998) (rejecting the Clark decision and applying the discretionary function exception to Air Force decisions governed by the manuals). We must evaluate the persuasive force for this case of Clark vis-a-vis Aragon.[2]

---

[2] OSI has placed the district court and this Court in an awkward position. It did not introduce into evidence the manuals upon which it relies. It is, of course, OSI's burden to prove that there are regulations or policies that specifically prescribe a course of action, and that the Air Force in this case departed from that prescribed course. To the extent that OSI fails in that regard, its case was of course due to be dismissed. However, the case was litigated below upon the assumption that the manuals involved in this case were the same as those involved in *Clark* and *Aragon*. Like OSI's deficiency, the *Clark* opinion also does not describe the substance of the manuals, i.e. does not describe any

Because significant portions of the rationale applied by Clark have been supplanted by subsequent Supreme Court decisions, we find ourselves in agreement with the Tenth Circuit. Thus, we hold that an agency manual which provides only objectives and principles for a government agent to follow does not create a mandatory directive which overcomes the discretionary function exception to the FTCA.

The decision in Clark was rendered in April, 1987, well before the Supreme Court "restat[ed] and clarif[ied] the scope of the discretionary function exception."[3] See Berkovitz v. U.S., 486 U.S. 531, 538, 108 S.Ct. 1954, 1959 (1988). Berkovitz, and the subsequent opinion in U.S. v. Gaubert, 499 U.S. 315, 111 S.Ct. 1267 (1991), clearly establish that the first prong of the exception is satisfied unless "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Berkovitz, 486 U.S. at 534, 108 S.Ct. at 1958. The Clark

specifically prescribed courses of action asserted to have been required by the manuals. Thus, the facts of the instant case with respect to the substance of the Air Force manuals and of any directives governing relevant courses of action are the facts as set out in the Aragon opinion. As noted in the text, we agree with the Tenth Circuit that the manuals state only general principles and objectives and do not constitute specific, mandatory directives.

[3]OSI argues that the *Clark* does not actually precede *Berkovitz*, since the Ninth Circuit affirmed *Clark* after the opinion in *Berkovitz* was issued. We note, however, that the Ninth Circuit merely adopted the reasoning of its district court. In any event, we are not bound by decisions of our sister circuits, and independently conclude that the rationale in *Clark* is not sustainable in light of *Berkovitz* and *Gaubert*.

10

court recognized that "the determination to have a landfill is a discretionary function." 660 F.Supp. at 1176. Nonetheless, the court refused to apply the exception on the grounds that the manuals provide instructions for certain principles to be followed in the decision-making process. Id. As the Tenth Circuit pointed out, however, the manuals state general principles and objectives, which "alone, do[] not equate to a specific, mandatory directive." Aragon, 146 F.3d at 826. We agree. We follow the Tenth Circuit and hold that the waste disposal decisions at issue involve an element of judgment or choice.[4]

In addition, we further agree that the second prong of the discretionary function test is met. Disposal of waste on a military base "involve[s] policy choices of the most basic kind." Aragon, 146 F.3d at 826. The nature of the military's function requires that it be free to weigh environmental policies against security and military concerns. We hold that the decisions at issue here reflect the kind of judgment that the discretionary function exception is designed to shield.

---

[4]OSI argues that the manuals require at least that the effect on groundwater be considered, that the Air Force here did not even consider *at all* the effect on groundwater, and thus that this is a departure from a mandatory requirement. However, this is the first time that OSI has made this argument. "This circuit and the former Fifth Circuit have consistently held that a court will not consider on appeal for the first time a question that requires development of factual issues." *Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990). Because this is a factual question not developed below, we decline to consider it. Moreover, there is no allegation or evidence that the Air Force never even considered the effect on groundwater.

Gaubert, 499 U.S. at 322-23, 111 S.Ct. at 1273.

Because the decisions involving the Air Force landfills are subject to the discretionary function exception, we affirm the district court's dismissal of the FTCA claims for lack of jurisdiction.

B.  The Summary Judgment of the RCRA and CERCLA Claims

OSI also appeals the summary judgment granted to the government on the RCRA and CERCLA claims.  OSI contends that the current remediation is inadequate because it fails to address soil contamination, and that the government violated RCRA by failing to obtain proper permits for the disposal of hazardous waste, arguing that solid waste permits are insufficient to cover hazardous waste. OSI makes the additional claim that it is entitled to reimbursement under CERCLA for response costs incurred in analyzing the extent of the contamination.  The government responds that provisions of CERCLA bar the RCRA claims in this case, and that OSI's response costs were unnecessary and are not recoverable under CERCLA.

These claims raise complex issues, involving a remedial plan whose final form is outside the instant record on appeal.  To fully explore the issues involved, we would probably require considerable supplementation of the record and

12

additional briefing. In addition, the district court's order which granted summary judgment provides us an inadequate indication of the views of the district court, significantly hampering appellate review. The order makes no specific factual or legal findings, merely stating instead that the court was in agreement with the government's jurisdictional and substantive arguments pertaining to the RCRA and CERCLA claims. Our review would be greatly facilitated by a comprehensive analysis by the district court of the relevant facts as to which there is no genuine dispute and by a comprehensive analysis of the legal issues (thus facilitating a determination of whether there are factual issues in dispute and whether they are material). For these several reasons, we vacate the summary judgment order and remand for further consideration.[5]

## III. CONCLUSION

Because the decisions at issue here concerning the military landfills are a discretionary function, subject to the exception contained in 28 U.S.C. § 2680, we AFFIRM the dismissal of OSI's tort claims brought pursuant to the FTCA. We

---

[5]We are satisfied that the district court will want to permit the record to be supplemented with respect to the factual issue of whether or not the ongoing remedial action affects or embraces both groundwater and soil contamination. Whether the court wishes to permit further development of the record with respect to other areas is, of course, within its broad discretion.

VACATE and REMAND for further consideration the summary judgment of OSI's

RCRA and CERCLA claims.


AFFIRMED IN PART; VACATED AND REMANDED IN PART[6]

---

[6]All pending motions are denied.