[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13897
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00192-CAR


JEANNIE L. COSBY,

Plaintiff - Appellant,

versus

UNITED STATES MARSHALS SERVICE,

Defendant,

UNITED STATES OF AMERICA,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 29, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Jeannie Cosby, a prisoner proceeding *pro se*, appeals the district court's dismissal of her Federal Tort Claims Act (FTCA) suit for lack of subject matter jurisdiction. After thorough review, we affirm.

Cosby sued the United States under the FTCA, 28 U.S.C. § 1346(b)(1). As relevant to this appeal, she alleged: (1) the United States Marshals Service (USMS) negligently failed to provide appropriate medical care and did not follow transfer procedures for inmates with severe medical conditions; and (2) the Bureau of Prisons (BOP) negligently failed to follow a doctor's recommended course of treatment, causing the partial amputation of her right foot. The district court ordered the parties to brief whether the discretionary function exception of the FTCA divested the court of subject matter jurisdiction. Upon review, the court found that the USMS's and BOP's decisions about Cosby's medical care "inherently involve[d] an element of choice and [were] grounded in several policy considerations." Accordingly, it concluded that the discretionary-function exception applied and dismissed the case for lack of subject matter jurisdiction. Cosby now appeals.

We review *de novo* the district court's dismissal for want of subject matter jurisdiction. *Ochran v. United States*, 117 F.3d 495, 499 (11th Cir. 1997). "The FTCA waives the United States government's sovereign immunity from suit in federal courts for the negligent actions of its employees." *Id.* The discretionary

2

function exception, however, exempts from this waiver claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty." 28 U.S.C. § 2680(a).

We apply a two-prong test to determine the applicability of the discretionary function exception. Where both prongs are met, the exception applies and the court lacks subject matter jurisdiction. *See U.S. Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009). The first prong asks whether the challenged acts are "discretionary in nature" – that is, if they "involve an element of judgment or choice." *Gaubert v. United States*, 499 U.S. 315, 322 (1991) (internal quotation marks omitted). "[T]he first prong of the exception is satisfied unless 'a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow.'" *OSI, Inc. v. United States*, 285 F.3d 947, 952 (11th Cir. 2002) (quoting *Berkovitz v. United States*, 486 U.S. 531, 534 (1988)). The second prong instructs that "the exception protects only governmental actions and decisions based on considerations of public policy." *Gaubert*, 499 U.S. at 323 (internal quotation marks omitted). "The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 325. If the decision could objectively be made on policy grounds within the discretion afforded the decisionmaker, then "we

3

presume that the act was grounded in policy whenever that discretion is employed." *OSI, Inc.*, 285 F.3d at 951. And the agent need not actually have weighed policy considerations to be protected by the exception. *Id.* at 950-51.

Cosby argues that the USMS is liable under the FTCA for violating USMS Directive for Prisoner Operations 9.4, which governs prisoner health. First, she contends that the USMS negligently failed to provide adequate care for her foot condition. Under that directive, "[t]he USMS will ensure that all USMS prisoners receive medically necessary health care services," including treatment for "limb-threatening . . . conditions." Directive 9.4, *Prisoner Health Care*, ¶ (C)(1). Importantly, Cosby does not argue that she received *no* medical care, only that the care she received was inadequate. Because Directive 9.4 does not "'specifically prescribe[] a course of action'" for USMS employees to follow when a prisoner needs medical care, the decision about what specific type of care to provide is a discretionary matter that satisfies the first prong of the exception. *OSI, Inc.*, 285 F.3d at 952 (quoting *Berkovitz*, 486 U.S. at 534). The directive is also susceptible to policy analysis because, in determining the precise course of medical treatment to pursue, several policy considerations are relevant, including prison security, the allocation of finite resources, and the logistics of prisoner transportation if transfer to an off-site facility is an option. The second prong of the discretionary function

4

exception is therefore satisfied, and the district court correctly concluded it lacked subject matter jurisdiction to consider this issue.  *See Gaubert*, 499 U.S. at 322-23.

Next, Cosby asserts that the USMS was negligent in transferring her to several facilities instead of allowing her to remain at one until her medical treatment was complete.  But again, the discretionary function exception bars her claim.  Directive 9.4 outlines "Medical Clearance Requirements for Prisoner Movement or Transfer" and provides that "USM[S] district management will ensure proper arrangements are made to provide continuity of medical care for USMS prisoners."  Directive 9.4, *Prisoner Health Care*, ¶ 9(a)(4).  Although the Directive sets forth "Requirements" for the transfer of prisoners requiring medical care, the "proper arrangements" to be made in each individual case are necessarily left to the discretion of USMS employees.  *See id.*  And those decisions are susceptible to policy analysis because USMS officials must consider which facilities have space available and the placement of the prisoner in a facility that provides an appropriate level of security.  Thus, the discretionary function exception applies and the district court correctly dismissed this claim.  *See Gaubert*, 499 U.S. at 322-23; *cf. Cohen v. United States*, 151 F.3d 1338, 1345 (11th Cir. 1998) ("[T]he BOP's actions in classifying prisoners and placing them in institutions involve conduct or decisions that fall within the discretionary function exception . . . .").

5

Finally, Cosby argues that the BOP is liable under the FTCA for violating 18 U.S.C. § 4042. That statute mandates that the BOP "provide for the safekeeping, care and subsistence" of all persons in its custody. 18 U.S.C. § 4042(a)(2). We have previously stated that "even if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception." *Cohen*, 151 F.3d at 1342. Hence, the district court correctly dismissed this claim for lack of subject matter jurisdiction.

For the foregoing reasons, the district court's dismissal of Cosby's claims for want of subject matter jurisdiction is

**AFFIRMED.**