[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15105

_____

D.C. Docket No. 5:15-cv-01232-AKK


GARY THACKER,
VENIDA L. THACKER,

                                                              Plaintiffs-Appellants,

versus

TENNESSEE VALLEY AUTHORITY,

                                                              Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 22, 2017)



Before ED CARNES, Chief Judge, and ROSENBAUM and DUBINA, Circuit Judges.

PER CURIAM:

Gary and Venida Thacker sued the Tennessee Valley Authority ("TVA") for its alleged negligence involving a tragic accident on the Tennessee River. On July 30, 2013, while Gary Thacker and his friend Anthony Szozda were participating in a local fishing tournament, TVA was attempting to raise a downed power line that was partially submerged in the river. The power line, which crossed the river, had become lax earlier in the day when a pulling cable failed during a conductor-replacement project. At the same moment that TVA began lifting the conductor out of the water, the fishing partners' boat passed through the area at a high rate of speed, and the conductor struck both Thacker and Szozda. As a result, according to the complaint, Thacker suffered serious physical injuries, his wife suffered loss-of-consortium damages, and Szozda was killed instantly.

The district court dismissed the Thackers' complaint for lack of subject-matter jurisdiction. We now must affirm.

The Thackers assert that the district court erred in two ways: (1) in the Thackers' view, the discretionary-function exception to the government's sovereign-immunity waiver in the TVA Act cannot apply to TVA's activities at issue here; and (2) even if the exception applies, the challenged conduct does not fall within it. We address the Thackers' arguments in order.

2

## I.

When we review a district court's decision to grant a motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject-matter jurisdiction, we review its legal conclusions, which are all that are at issue here, *de novo*. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1250 (11th Cir. 2007).

## II.

The United States enjoys sovereign immunity from suit unless it unequivocally waives it in statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted). When Congress waives sovereign immunity, we must strictly construe that waiver, in terms of its scope, in favor of the United States. *See id.* (citation omitted).

Yet we have recognized that the doctrine of sovereign immunity does not entirely bar suit against TVA, *Peoples Nat'l Bank of Huntsville, Ala. v. Meredith*, 812 F.2d 682, 684-85 (11th Cir. 1987) (citing 16 U.S.C. § 831c(b)), a corporate agency of the United States that is expressly authorized to engage in commercial, power-generating activities, among other functions, 16 U.S.C. §§ 831c(j), 831d(*l*), 831k; *Tenn. Elec. Power Co. v. Tenn. Valley Auth.*, 306 U.S. 118, 127 (1939) ("The [TVA] Act erects a corporation, an instrumentality of the United States, to develop by a series of dams on the Tennessee River and its tributaries a system of

3

navigation and flood control and to sell the power created by the dams." (footnote omitted)). Rather, the TVA Act expressly provides that TVA "[m]ay sue and be sued in its corporate name." 16 U.S.C. § 831c(b). Though "sue-and-be-sued" waivers are liberally construed, *Loeffler v. Frank*, 486 U.S. 589, 554 (1988) (quoting *Fed. Hous. Admin., Region No. 4 v. Burr*, 309 U.S. 242, 245 (1940)), courts have interpreted this language to mean that TVA is "liable to suit in tort, subject to certain exceptions." *United States v. Smith*, 499 U.S. 160, 168-69 (1991) (citing *Meredith*, 812 F.2d at 684-85; *Queen v. Tenn. Valley Auth.*, 689 F.2d 80, 85 (6th Cir. 1982), *cert. denied*, 460 U.S. 1082 (1983)).

As relevant here, we have held that TVA cannot be subject to liability when engaged in governmental functions that are discretionary in nature. *Meredith*, 812 F.2d at 685. And we have specifically applied the discretionary-function exception in cases arising out of TVA's commercial, power-generating activities. *See*, *e.g.*, *Johns v. Pettibone Corp.*, 843 F.2d 464, 466–67 (11th Cir. 1988) (negligence suit arising out of electrocution death caused by a TVA power transmission line).

We must do so here as well because TVA's challenged actions occurred in the context of its performance of a governmental function. Under the TVA Act, TVA has the "power to acquire real estate for the construction of . . . transmission lines, power houses, and other structures . . . , and in the event that the owner or owners of such property shall fail and refuse to sell to [TVA] at a price deemed fair

and reasonable . . . , then [TVA] *may . . . exercise the right of eminent domain . . . .*" 16 U.S.C. § 831c(i) (emphasis added); *see also id.* at § 831c(h) (TVA "[s]hall have power *in the name of the United States of America* to exercise the right of eminent domain . . . .") (emphasis added).

The power of eminent domain that TVA may exercise when it constructs power-transmission lines, of course, belongs solely to the United States, not to commercial entities. Since TVA can exercise that power when it constructs power-transmission lines, we conclude that it acts as an agency of the United States when constructing power-transmission lines. *Cf. Lynn v. United States*, 110 F.2d 586, 590 (5th Cir. 1940) ("In the erection of dams [TVA] is only an agency of the United States.") (citing 16 U.S.C. § 831c(h), (i), (k)). Because the construction of power lines is a governmental activity, TVA cannot be sued for actions arising out of that activity if those actions fall within the discretionary-function exception. *See Meredith*, 812 F.2d at 685–86.

The Thackers' allegation that TVA negligently "failed to exercise reasonable care in the assembly and installation of power lines across the Tennessee River" is encompassed within TVA's construction of power-transmission lines. And their contention that TVA "failed to exercise reasonable care in warning boaters on the Tennessee River of the hazards the TVA created" allegedly occurred incident to

5

TVA's construction of power-transmission lines.  As a result, we must determine whether TVA's challenged actions fall within the discretionary-function exception.

## III.

To determine whether TVA is shielded from liability under the discretionary-function exception based on the challenged conduct, we use the same test that applies when the government invokes the discretionary-function exception to the Federal Tort Claims Act ("FTCA").  *See, e.g.*, *Bobo v. Tenn. Valley Auth.*, 855 F.3d 1294, 1310 (11th Cir. 2017) (relying on cases analyzing the FTCA's discretionary-function exception to evaluate the exception's applicability in a lawsuit against TVA).

Before applying the test, however, we must first identify "exactly what conduct is at issue."  *Swafford v. United States*, 839 F.3d 1365, 1370 (11th Cir. 2016) (citation and quotation marks omitted).  As we have noted, the Thackers allege that TVA negligently "(1) failed to exercise reasonable care in the assembly and installation of power lines across the Tennessee River, and (2) failed to exercise reasonable care in warning boaters on the Tennessee River of the hazards the TVA created."

Having identified the challenged actions, we apply a two-part test to that conduct to ascertain whether the conduct falls within the bounds of the discretionary-function exception.  *Id.*  At the first step, we evaluate whether the

6

conduct at issue "is a matter of choice for the acting employee." *Id.* (quoting *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 536 (1988) (internal quotation marks omitted)). An action is not a matter of choice—and therefore not discretionary—"when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Id.* (quoting *Berkovitz*, 486 U.S. at 536 (internal quotation marks omitted)). Under those circumstances, an employee is required to follow the directive, meaning that the employee's actions are not discretionary and do not fall within the discretionary-function exception. *Id.*

Here, the Thackers point to no specific federal statute, regulation, or policy that sets forth a particular course of action for employees raising a power line from a river to follow, either in the construction of the line or in safety precautions to undertake to protect the public. Instead, for the first time in their reply brief, the Thackers cite generally 29 C.F.R. § 1926, a group of regulations that concerns safety and health regulations for construction. But arguments raised for the first time in a reply brief are not properly before this Court. *Herring v. Sec'y, Dep't. of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (citations omitted).

And even if we were to address the Thackers' argument, their general citation to § 1926 is inadequate. Section 1926 consists of multiple subparts governing items varying from fire protection and prevention (29 C.F.R. §§ 1926.150-1926.155) to fall protection (29 C.F.R. §§1926.500-1926.503) to

stairways and ladders (29 C.F.R. §§ 1926.1050-1926.1060) to toxic and hazardous substances (29 C.F.R. §§ 1926.1100-1926.1153). So even if we ignored the lateness of the Thackers' reliance on § 1926, they have not pointed to a specific regulation that TVA allegedly transgressed. This does not suffice. Under these circumstances, the first step of the discretionary-function test is satisfied.

At the second step, we consider whether the conduct at issue involves the kind of judgment designed to be shielded by the discretionary-function exception. *Swafford*, 839 F.3d at 1370. "[T]he purpose of the exception is to prevent judicial 'second-guessing' of . . . administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). For this reason, the discretionary-function exception applies to only that conduct "that involves the permissible exercise of policy judgment." *Berkovitz*, 486 U.S. at 539. This type of conduct, in turn, concerns "governmental actions and decisions based on considerations of public policy." *Id.* at 537 (citation omitted); *see also Gaubert*, 499 U.S. at 322-23.

In this case, the challenged actions plainly involved public-policy considerations. The challenged actions and decisions in this case could require TVA to consider, among other things, its allocation of resources (such as personnel and time), public safety, cost concerns, benefits, and environmental impact. *See*

8

*OSI, Inc. v. United States*, 285 F.3d 947, 950–51 (11th Cir. 2002) ("The exception does not require there to have been actual weighing of policy considerations.") (quotation marks omitted).    As a result, the second step of the discretionary-function exception is also satisfied, and the exception applies.

## IV.

For these reasons, we affirm the district court's dismissal for lack of subject-matter jurisdiction.

**AFFIRMED.**