[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10860
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-60652-JIC

CELESTINE G. THOMPSON,

Plaintiff-Appellant,

versus

SECRETARY OF HOMELAND SECURITY,
John F. Kelly,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 31, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Celestine Thompson, a *pro se* litigant, appeals the district court's dismissal of her action alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16; bribery of public officials under 18 U.S.C. § 201(b)(A); the making of false statements under 18 U.S.C. § 1001; and judicial bias under 28 U.S.C. § 144.  The district court dismissed Thompson's second amended complaint on alternative grounds.  First, the district court determined it lacked subject-matter jurisdiction over Thompson's claims because she failed to identify any applicable waiver of federal sovereign immunity. Second, the district court held that Thompson failed to adequately plead facts suggesting a plausible claim for relief.  On appeal, Thompson contends she has, in fact, suffered racial discrimination, harassment, and intimidation at the hands of various agents of the Department of Homeland Security.  After review,[1] we affirm.

Although we liberally construe *pro se* briefs, arguments not raised on appeal, even by *pro se* litigants, are deemed abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *see also* Fed. R. App. P. 28(a)(8) (requiring appellants to argue "contentions and the reason for them, with citations to the authorities and parts of the record on which the appellant relies").  Thompson's brief, even

---

[1] We review de novo a district court's ruling on a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Thacker v. Tenn. Valley Auth.*, 868 F.3d 979, 981 (11th Cir. 2017).  Likewise, we review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), accepting as true all factual allegations in the complaint and considering them in the light most favorable to the plaintiff.  *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP,* 634 F.3d 1352, 1359 (11th Cir. 2011).

construed liberally, presents no arguments concerning the primary basis for the district court's dismissal—sovereign immunity.  In fact, Thompson's brief fails to even mention sovereign immunity.  Likewise, Thompson makes no arguments concerning the district court's dismissal of her claims for bribery, false statements, and judicial bias.  Thompson has therefore abandoned any arguments on those issues.  *See Timson*, 518 F.3d at 874.

But even if we were to assume Thompson did not abandon her arguments on sovereign immunity, and even if we were to ignore the fact that Thompson's operative second amended complaint made no factual allegations concerning racial discrimination,[2] her appeal would fail.  Despite receiving multiple opportunities to amend her complaint, as well as instruction from the district court as to her complaints' legal deficiencies, Thompson failed to plead facts plausibly elevating her claims above the speculative level.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

**AFFIRMED.**

---

[2] Thompson's allegations of racial discrimination were made in prior complaints that were dismissed by the district court for failure to state a claim.  *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (quotation omitted)).  It appears Thompson intended her second amended complaint as a supplement to her previously dismissed complaints.