NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT ANDERSON; et al.,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No.    22-55965

D.C. No.
2:21-cv-09102-VAP-PD

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted December 7, 2023
Pasadena, California

Before: BEA, M. SMITH, and VANDYKE, Circuit Judges.

Former residents and patrons of the now-closed George Air Force Base (George) appeal the district court's order dismissing their complaint for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because we assume the parties' familiarity with the facts, we recount them here only as necessary.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The United States retains sovereign immunity over Appellants' claims related to the use, disposal, and failure to warn of toxic chemicals at George. The Federal Tort Claims Act waives sovereign immunity for tort claims brought by private citizens against the United States, 28 U.S.C. § 2674, but retains that immunity for decisions based upon the exercise of policy-based discretion, 28 U.S.C. § 2680(a); *Lam v. United States*, 979 F.3d 665, 673–75 (9th Cir. 2020). The parties do not dispute whether the challenged conduct is "discretionary" but argue over whether the judgments were "based on considerations of public policy." *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988).

We hold that they were. Using and disposing of hazardous chemicals at a military base during a period of active war involves weighing national security, environmental, and safety considerations. *See In re Consol. U.S. Atmospheric Testing Litig.* (*Atmospheric Testing*), 820 F.2d 982, 993–95 (9th Cir. 1987); *see also Boyle v. United Techs. Corp.*, 487 U.S. 500, 511 (1988); *OSI, Inc. v. United States*, 285 F.3d 947, 953 (11th Cir. 2002); *Aragon v. United States*, 146 F.3d 819, 826 (10th Cir. 1998). So too does failing to warn of those hazards. *Atmospheric Testing*, 820 F.2d at 997; *Begay v. United States*, 768 F.2d 1059, 1066 (9th Cir. 1985); *see also Loughlin v. United States*, 393 F.3d 155, 164 (D.C. Cir. 2004).

2. Appellants fail to state a claim for failure to clean up the base. Although the complaint recites a variety of cleanup orders, states that cleanup at George is

projected to continue until 2077, and asserts that the Air Force had a duty to clean up the base, Appellants never pleaded plausible facts showing that the Air Force disregarded any cleanup order or breached its duty to cleanup in any way. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (noting that a complaint fails to state a claim if it contains "no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory").

3.      The district court appropriately dismissed the complaint without leave to amend. "In assessing whether leave to amend is proper, courts consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.'" *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Appellants have failed to cure deficiencies despite two amendments, and likely could not plead out of the discretionary function exception even if given leave to amend. Although "*implementation* of [a] course of action" is generally not "shielded by the discretionary function exception," *Whisnant v. United States*, 400 F.3d 1177, 1181 (9th Cir. 2005), our law has "made clear that the 'implementation

3

of a government policy *is* shielded where the *implementation itself* implicates policy concerns,'" *Chadd v. United States*, 794 F.3d 1104, 1112 (9th Cir. 2015) (citing *Whisnant*, 400 F.3d at 1182 n.3). If "there is even *one* policy reason why officials may decide not to take a particular course of action to address a safety concern, the exception applies." *Id.* Here, even if granted leave to amend, Appellants likely could not plead facts showing that the Air Force's effort to clean up dozens of toxic chemicals left at George over the course of nearly fifty years was *not* susceptible to "even *one*" policy consideration. *Id.*; *see United States v. Gaubert*, 499 U.S. 315, 324–25 (1991) ("For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime.").

4.    None of the pro se Appellants' arguments warrant reversal. The discretionary function exception applies "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

**AFFIRMED.**