[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2009
THOMAS K. KAHN
CLERK

No. 08-13544
Non-Argument Calendar
_____

D. C. Docket No. 05-00119-CV-HL-7

UNITED STATES AVIATION UNDERWRITERS, INC.,
a New York corporation, Manager, United States
Aircraft Insurance Group,
HAULERS INSURANCE COMPANY, INC.,
a Tennessee corporation,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 11, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

This case arises from the crash of a twin-engine aircraft in southern Georgia on March 27, 2003. United States Aviation Underwriters, Inc. and Haulers Insurance Company, Inc. (collectively, "Insurers") sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), for damages to the aircraft. The Insurers appeal the district court's May 22, 2008 Order granting summary judgment on behalf of the United States on the grounds that the Insurers' claims fall within the discretionary function exception to the FTCA's waiver of sovereign immunity.

The Insurers contend that the Aviation Weather Center, which is a meteorological watch office of the National Weather Service, has a non-discretionary duty to issue Significant Meteorological Information ("SIGMET") warnings whenever sudden severe clear air turbulence ("CAT") "is occurring, or expected to occur." The Insurers rely on National Weather Service Instruction 10-811 from the National Weather Service instruction manual for meteorologists to support this claim.

The United States concedes that, once the National Weather Service forecasts moderate to severe turbulence, the United States government has no discretion to decline to provide that information to pilots. However, the United

States contends that the act of forecasting CAT is discretionary conduct that falls outside of the discretionary function exception.

By contending that the Insurers' claims are governed by the discretionary exception to the FTCA, the United States factually attacks our subject matter jurisdiction. We review *de novo* factual attacks on the existence of subject matter jurisdiction. *See Ochran v. United States*, 117 F.3d 495, 499 (11th Cir. 1997). We review "the facts in the light most favorable to the plaintiff." *Cranford v. United States*, 466 F.3d 955, 957 (11th Cir. 2006) (quotation omitted), *cert. denied*, 128 S. Ct. 42 (2007).

The discretionary function exception excludes from the FTCA's broad waiver of sovereign immunity "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). When the discretionary function exception to the FTCA applies, no federal subject matter jurisdiction exists. *United States v. Gaubert*, 499 U.S. 315, 334, 111 S. Ct. 1267, 1280 (1991) (holding that claims are barred by the discretionary function exception).

Although a precise definition of "discretionary" does not exist, the Supreme Court has characterized the ultimate question as whether the "challenged acts . . .

3

are of the nature and quality that Congress intended to shield from tort liability."

*United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 813,

104 S. Ct. 2755, 2764 (1984). The discretionary function exception is intended to

prevent the courts from "'second-guessing' . . . administrative decisions grounded

in social, economic, or political policy through the medium of an action in tort."

*Id.* at 814, 104 S. Ct. at 2765.

In *Gaubert*, the Supreme Court set out a two-part test to guide courts in

determining whether the discretionary function applies. *See Gaubert*, 499 U.S. at

322, 111 S. Ct. at 1273. First, the court must examine whether the challenged

conduct is "discretionary in nature" or whether the conduct "involve[s] an element

of judgment or choice." *Id.* (quoting *Berkovitz et al. v. United States*, 486 U.S.

531, 536, 108 S. Ct. 1954, 1958 (1988)) (internal quotation marks omitted).

Second, the court must decide "whether that judgment is of the kind that the

discretionary function exception was designed to shield," i.e., whether it is

"susceptible to policy analysis." *Id.* at 322, 325, 111 S. Ct. at 1273, 1275. A

function is non-discretionary "if a federal statute, regulation, or policy specifically

prescribes a course of action for an employee to follow" where "the employee has

no rightful option but to adhere to the directive." *Id.* at 322, 111 S. Ct. at 1273

(internal quotation marks omitted). "If the decision is inherently one allowing

4

discretion, we presume that the act was grounded in policy whenever that discretion is employed." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Here, as the United States contends and the district court found, forecasting CAT is discretionary conduct that the discretionary function exception shields from liability. As the United States concedes, National Weather Service Instruction 10-811 requires that the Aviation Weather Center issue a SIGMET warning once the meteorologists determine that severe CAT is occurring or is likely to occur. However, the underlying determination of whether severe CAT is occurring is discretionary.

The evidence demonstrates that forecasting weather, and specifically distinguishing between moderate and severe air turbulence, requires subjective evaluation by the meteorologist. The meteorologist must weigh a number of factors and a range of available data. Because the meteorologist must exercise his judgment when identifying weather patterns, forecasting "involve[s] an element of judgment or choice." *Gaubert*, 499 U.S. at 322, 111 S. Ct. at 1273. That element of judgment satisfies the first part of the discretionary function test.

Moreover, we agree with the district court that weather forecasts are the type of policy decisions that the discretionary function exception protects from liability

under the FTCA. As we recognized in *Monzon*, issuing weather warnings implicates policy concerns. *Monzon v. United States*, 253 F.3d 567, 572 (11th Cir. 2001) (per curiam). These policy concerns include the cost and budgetary policy considerations in forecasting and the dangers of over warning. *Id.* "A weather forecast is a classic example of a prediction of indeterminate reliability, and a place peculiarly open to debatable decisions, including the desirable degree of investment of government funds and other resources." *Brown v. United States*, 790 F.2d 199, 204 (1st Cir. 1986). As such, weather forecasting satisfies the second part of the discretionary function exception as well.

## CONCLUSION

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm the district court's grant of summary judgment on behalf of the United States.

**AFFIRMED.**