[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11076
Non-Argument Calendar

_____

D.C. Docket No. 5:10-cv-00639-WTH-TBS

JAMES MCFARLAND,

Plaintiff-Appellant,

versus

WARDEN, et al.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 3, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

James McFarland, a federal prisoner, appeals <u>pro se</u> the summary judgment against his complaint that the United States was liable under the Federal Torts Claims Act for injuries he suffered after fellow inmates stabbed him at the United States Penitentiary at Coleman, Florida.  McFarland complained that officials were negligent when they understaffed the prison; failed to patrol the recreation yard; failed to monitor metal detectors; and provided inadequate wound care that caused him to develop an abscess.  We vacate in part the summary judgment against McFarland's complaints about staffing and deployment of guards and remand for the district court to dismiss those complaints for lack of subject matter jurisdiction, and we affirm in part the summary judgment against McFarland's complaint about his medical care.

The Act provides a limited waiver of sovereign immunity for the United States for claims in tort, but exempts from that waiver of immunity "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency" or a government employee.  28 U.S.C. § 2680(a); <u>see</u> <u>Cohen v. United States</u>, 151 F.3d 1338, 1340 (11th Cir. 1998).  That exemption applies if the conduct in question "involves an element of judgment or choice," and if the "judgment is grounded in considerations of public policy."  <u>Cohen</u>, 151 F.3d at 1341 (internal quotations marks and citations omitted).  "When the discretionary function exception to the [Act]

applies, no federal subject matter jurisdiction exists." U.S. Aviation Underwriters, Inc. v. United States, 562 F.3d 1297, 1299 (11th Cir. 2009).

The district court lacked jurisdiction to consider McFarland's complaints about inadequate staffing and deployment of prison guards. The conduct that McFarland challenged fell within the discretionary function exception to the Act, which made the United States immune from liability. The Bureau of Prisons is obligated to "provide for the safekeeping, care, and subsistence" of all federal prisoners, 18 U.S.C. § 4042(a)(2), but officials at Coleman exercised discretion in determining how many officers to have on duty, where to position them, and whether to use metal detectors, see Bureau of Prisons Policy Statement 5521.05 ¶ 6 (providing that the Warden "may install metal detection services within the institution as necessary" and that "[a] metal detector search may be done in addition to [a] pat search"). Although McFarland argues that the officials' discretion was constrained by two memos dated July 2008 requiring "[i]nmates [to] walk through metal detectors normally" and to submit "[a]ll [their] items . . . [to a] visual[] search[] and . . . [screening] through the metal detectors," those memos were addressed to inmates regarding their conduct, not to prison guards about their responsibilities. The discretionary decisions of officials about staffing and deployment of guards at Coleman were grounded in security concerns. As explained in a sworn declaration prepared by Ronald Proffitt, a special

3

investigator, random monitoring of metal detectors and of officers' movements prevents inmates from determining a routine security schedule. Because the district court lacked jurisdiction to consider McFarland's complaints about staffing and deployment of guards, we vacate the summary judgment against those complaints and remand for the district court to dismiss them for lack of subject matter jurisdiction. See Cohen, 151 F.3d at 1340.

The district court did not err by entering summary judgment against McFarland's complaint about his medical care. No genuine dispute existed about whether officials breached the prevailing professional standard of care or proximately caused McFarland's injuries. McFarland alleged that the medical staff provided inadequate wound care that caused him to develop an abscess, but he could not rely on his conclusory assertions to avoid summary judgment. See Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations . . . are insufficient to withstand a motion for summary judgment."). Sworn declarations from Dr. Ivan Negron and Dr. Olga Grajales established, without dispute, that McFarland received proper treatment and counseling about his wounds and that there was no correlation between the care of his wounds and his abscess.

We **AFFIRM** in part the summary judgment against McFarland's complaint about his medical care, but because the discretionary function exception deprived

4

the district court of jurisdiction, we **VACATE** in part the summary judgment against McFarland's complaints about staffing and deployment of guards and **REMAND** for the district court to dismiss those complaints for lack of subject matter jurisdiction.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**