[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12031

_____

D.C. Docket No. 6:14-cv-01171-SDM-EAJ


JOHN D. KING,

Plaintiff-Appellant,

versus

UNITED STATES GOVERNMENT,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 3, 2018)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

This appeal requires us to decide whether a provision of the False Claims

Act, 31 U.S.C. § 3730, waives the sovereign immunity of the United States. In

2008, John King filed a *qui tam* action under the Act that the district court

dismissed because King committed discovery violations. In 2014, King filed a complaint for money damages against the United States on the ground that the government had secretly settled the violations he identified in his original action. The district court dismissed his complaint as barred by sovereign immunity. We affirm.

## I. BACKGROUND

In 2008, King filed a *qui tam* action as a relator on behalf of the United States. In that action, King alleged that several defendant corporations violated the False Claims Act. The government did not intervene. Later, the district court dismissed the action with prejudice because of King's discovery violations. And we summarily affirmed this dismissal.

After his *qui tam* action was dismissed, King filed this suit against the United States. He alleges that the government conducted an investigation of the fraud he identified and covertly settled with the defendants in his *qui tam* action before its dismissal. King seeks a share of an alleged settlement of more than $7.5 million paid to the government. He argues that this allegedly covert settlement violated his rights under section 3730(c)(5) of the False Claims Act, which provides that, when the government purses an "alternate remedy," "the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under this section." 31 U.S.C.

2

§ 3730(c)(5). The government responds that it filed a declaration in King's original *qui tam* action to explain that the government had investigated the allegations in King's complaint and that, after the investigation, it invoked its contractual rights with the defendants in the *qui tam* action and settled for "the amount of the costs that the United States had incurred in its investigation."

The district court dismissed King's complaint as barred by sovereign immunity. It concluded that King's argument that the government waived its immunity relied only on sections 3730(c)(5) and (d)(1) and that neither section contains an express waiver of sovereign immunity.

## II. STANDARD OF REVIEW

"We review *de novo* the district court's dismissal of a complaint for sovereign immunity." *Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Fla.*, 692 F.3d 1200, 1203 (11th Cir. 2012) (italics added) (quoting *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001)). "[W]e take as true the facts as alleged in [the] complaint . . . ." *Id.* at 1201. And "we read briefs filed by *pro se* litigants liberally . . . ." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III. DISCUSSION

King wants to sue a different kind of king, but we are "heirs to a system in which the sovereign, the king, was not amenable to suit." Antonin Scalia & Bryan

A. Garner, *Reading Law: The Interpretation of Legal Texts* 281 (2012). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992) (internal quotation marks omitted); *see also City of Jacksonville v. Dep't of Navy*, 348 F.3d 1307, 1314 (11th Cir. 2003). In other words, a waiver of sovereign immunity "cannot be implied." *Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002) (internal quotation marks omitted); *see also* Scalia & Garner, *supra*, at 281 ("A statute does not waive sovereign immunity . . . unless that disposition is unequivocally clear.").

Section 3730, which addresses "[c]ivil actions for false claims," provides no express waiver of the sovereign immunity of the United States for a collateral attack on a settlement between the government and a *qui tam* defendant. 31 U.S.C. § 3730. King's complaint alleged a violation of section 3730(c)(5). But that provision, known as the alternate remedies clause, enables the government to elect to purse an alternate remedy, notwithstanding the earlier filing of a relator's suit about the same claim. And it provides the relator "the same rights" in that alternate proceeding as the relator would have had in the original suit. 31 U.S.C. § 3730(c)(5). This section does not permit a relator to sue the government for

4

money damages after his *qui tam* suit has been dismissed due to his own discovery violations and after the government has successfully obtained an alternate remedy. Likewise, section 3730(d) specifies when a court shall award a relator a portion of "the proceeds of the action or settlement of the claim" and "an amount for reasonable expenses," "attorneys' fees[,] and costs . . . against the defendant." 31 U.S.C. § 3730(d). That section says nothing about a complaint filed against the government by a relator whose *qui tam* action was dismissed for a discovery violation after the government obtained a settlement. It does not expressly waive sovereign immunity from that kind of collateral attack.

## IV. CONCLUSION

We **AFFIRM** the dismissal of King's complaint.