[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15112
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00025-RWS

BRADLEY CHRISTOPHER STARK,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 14, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Bradley Stark appeals the district court's dismissal of his complaint against the United States for lack of subject matter jurisdiction and for sovereign immunity. We review the dismissal of a complaint for lack of subject matter jurisdiction or for sovereign immunity *de novo*. King v. United States, 878 F.3d 1265, 1267 (11th Cir. 2018); Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002). Additionally, the plaintiff must demonstrate an unequivocally expressed waiver of sovereign immunity. King, 878 F.3d at 1267.

Stark has not carried his burden here. He has not pointed to a statute that either conveys subject matter jurisdiction or unequivocally waives sovereign immunity[1]. Stark argues that the Administrative Procedure Act ("APA") constitutes such a waiver; however, he points to no "agency action" that he is challenging, and so the provision does not apply in this case[2]. 5 U.S.C. § 702.

---

[1] To the extent that Stark argues that the Federal Arbitration Act ("FAA") either conveys subject matter jurisdiction or waives sovereign immunity, we note that the FAA cannot provide subject matter jurisdiction, and it does not contain an explicit waiver of sovereign immunity. See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 103 S.Ct. 927, 942 n.32 (1983).

[2] The most that Stark can allege is the Attorney General's inaction in response to his "offer" to arbitrate; however, "the only agency action that can be compelled under the APA is action legally required." Norton v. S. Utah Wilderness Alliance, 124 S. Ct. 2373, 2379 (2004). Because the Attorney General was not legally required to respond to Stark's offer to arbitrate, Stark does not allege agency action within the meaning of 5 U.S.C. § 702.

2

Additionally, Stark argues that the district court has subject matter jurisdiction under 28 U.S.C. § 1331 and the APA. However, Stark has not identified a viable federal claim arising under the Constitution, laws or treaties of the United States. The APA fails to establish subject matter jurisdiction for the same reason it fails to constitute a waiver of sovereign immunity. Accordingly, the district court is

AFFIRMED.