[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11815
Non-Argument Calendar

_____

D.C. Docket No. 2:19-cv-14412-RLR

GREGORY MAKOZY,

Plaintiff-Appellant,

versus

CHARLES JOHN ZIMMERER,
UNITED STATES OF AMERICA,
WANDA QUILES,
Idv,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2021)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Gregory Makozy, proceeding pro se, appeals the district court's dismissal of his civil complaint against Charles Zimmerer, Wanda Quiles, and the Internal Revenue Service—the third federal action that he has filed against those parties raising nearly identical claims.  We conclude that the district court correctly found that it lacked subject-matter jurisdiction over Makozy's complaint, but because the dismissal was on jurisdictional grounds, the court should have dismissed the complaint without prejudice.  We therefore affirm the dismissal but modify the judgment below to reflect that the dismissal of Makozy's complaint is without prejudice.

I.

Makozy filed a pro se civil complaint in the Southern District of Florida against Charles Zimmerer, his former bankruptcy attorney; the IRS; and IRS employee Wanda Quiles.  He alleged that Zimmerer was liable for legal malpractice under Florida law, and he claimed that Quiles and the IRS were liable for negligence and harassment in connection with Quiles's efforts to collect a tax debt that Makozy claimed had been discharged in bankruptcy.  As relevant to his appeal, Makozy alleged that the district court had jurisdiction to hear his claims under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

The district court granted the government's motion to substitute the United States as the defendant in Quiles's place and granted all three defendants' motions

2

to dismiss Makozy's complaint for lack of jurisdiction. The court denied Makozy's motion to amend his complaint, finding that his proposed amended complaint did not cure the defective jurisdictional allegations. Makozy now appeals.

## II.

Federal courts are courts of limited jurisdiction. A district court must have either (1) federal-question jurisdiction pursuant to 28 U.S.C. § 1331, (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), or (3) jurisdiction conveyed by Congress pursuant to some other specific statutory grant. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). In a suit for damages against the United States, the government's express statutory waiver of sovereign immunity is a prerequisite to jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *see Zelaya v. United States*, 781 F.3d 1315, 1321–22 (11th Cir. 2015). We review the district court's dismissal for lack of subject-matter jurisdiction de novo. *Zelaya*, 781 F.3d at 1321.

The plaintiff has the burden of establishing federal subject-matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Pursuant to Rule 8(a) of the Federal Rules of Civil

Procedure, a plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

On appeal, Makozy argues that the district court should have exercised diversity jurisdiction over his legal malpractice claims against Zimmerer. He also argues that he stated claims against Quiles and the IRS under the Equal Credit Opportunity Act and unspecified provisions of the Constitution, and that his claims against Quiles were not barred by sovereign immunity. We disagree, and therefore affirm.

A.

District courts have subject-matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and defendants—that is, all plaintiffs must be citizens of different states than all defendants. *Sweet Pea Marine*, 411 F.3d at 1247. The party invoking diversity jurisdiction must allege the citizenships of the parties as of the time suit is filed in federal court. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). The citizenship of a natural person is the person's place of domicile, which requires residence in a state and an intention to remain in that state indefinitely. *Travaglio*, 735 F.3d at 1269.

4

In his initial complaint, Makozy alleged that he resided in Florida, that the defendants were all located in Florida, and that the court had jurisdiction "because all parties are from Florida." In his proposed amended complaint, Makozy alleged that he, Zimmerer, and Quiles all resided in Florida and that the IRS was located in Florida. These alleged facts did not establish diversity of the parties.

In his response to Zimmerer's motion to dismiss, Makozy stated that he "maintains a residence" in Pennsylvania as well as in Florida. But even if Makozy had included that allegation in his complaint, it would not have established his citizenship for purposes of diversity. Individuals "are only citizens of the state in which they are domiciled, and they have only one domicile." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) (internal citations omitted). Accordingly, to allege the citizenship of an individual for purposes of diversity jurisdiction, a complaint must allege the state of the individual's domicile, not merely his place of residence. *Travaglio*, 735 F.3d at 1269. Because the facts alleged in Makozy's complaint did not establish diversity of citizenship between the parties, the district court did not err in dismissing his state-law claims against Zimmerer for lack of jurisdiction.

B.

Section 1331 provides district courts with subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United

5

States." 28 U.S.C. § 1331. A claim arises under federal law when the face of the complaint presents a federal question. *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). The "vast majority" of cases falling within district courts' federal-question jurisdiction "are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

Even where federal law provides a private right of action, however, federal courts lack subject-matter jurisdiction to hear claims against the United States and its agencies unless the government has explicitly waived its sovereign immunity from suit. *King v. United States*, 878 F.3d 1265, 1267 (11th Cir. 2018); *Zelaya*, 781 F.3d at 1322. The Federal Tort Claims Act waives sovereign immunity for certain tort claims against the United States and its agencies, subject to several conditions. 28 U.S.C. § 1346(b)(1). But, with exceptions not relevant here, the FTCA waiver does not apply to claims arising from the assessment or collection of any tax. *Id.* § 2680(c).

Under the Westfall Act, federal employees are immune from suit for common-law tort claims arising out of acts undertaken in the course of their official duties. 28 U.S.C. § 2679(b)(1); *Osborn v. Haley*, 549 U.S. 225, 229–30 (2007). The Westfall Act provides that when a federal employee is sued for negligent or wrongful conduct, the Attorney General or his designee may certify

6

that the employee's acts were within the scope of employment, in which case the claim "shall be deemed an action against the United States," the United States "shall be substituted" as defendant in place of the employee, and the action "shall proceed in the same manner as any action filed against the United States" under the FTCA.  28 U.S.C. § 2679(d)(1), (4).

Here, a United States Attorney certified that Quiles was acting within the scope of her employment with the IRS when she contacted Makozy about his tax debt and attempted to collect on the debt.  The government moved to substitute the United States as defendant in Quiles's place, and the district court granted that motion.  Makozy did not oppose the substitution in the district court, and he does not raise the issue on appeal.  Once the United States was substituted as defendant, the district court had jurisdiction only if Markozy's complaint stated claims for which the United States has expressly waived its sovereign immunity.  *See, e.g.,* *Mitchell*, 463 U.S. at 212.

In his complaint and his proposed amended complaint, Makozy alleged that Quiles and the IRS negligently damaged his credit and reputation by filing a lien for a tax debt that had been discharged in bankruptcy, and that Quiles harassed him and his wife by trying to collect that debt.  The United States has not waived its sovereign immunity for such claims through the FTCA.  28 U.S.C. § 2680(c).  And to the extent that Makozy attempted to state a claim for a refund of taxes, he failed

to allege that he had met the statutory prerequisites for the government's

conditional waiver of immunity for tax-refund claims. *See* 26 U.S.C. § 7422(a);

*United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4–5 (2008).

Broadly construing his argument on appeal, Makozy contends that he stated

claims against Quiles and the IRS under the Equal Credit Opportunity Act (ECOA)

and the Constitution.[1]  We do not agree.  Neither Makozy's complaint nor his

proposed amended complaint mentioned the ECOA, which prohibits lenders from

discriminating against credit applicants, or alleged that Quiles or the IRS violated

any specific constitutional right.  Although we construe the allegations in pro se

complaints liberally, "this leniency does not give a court license to serve as *de

facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to

sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th

Cir. 2014).  We therefore find no reversible error in the district court's dismissal of

Markozy's claims against the federal defendants for lack of jurisdiction.

### III.

We affirm the district court's dismissal of Markozy's complaint for lack of

jurisdiction.  Because the district court lacked jurisdiction to consider the merits of

---

[1] In his reply brief, Makozy also alleges that Quiles violated the Fair Credit Reporting Act.  To the extent that Makozy intends to argue that his complaint stated claims against Quiles or the IRS under the Fair Credit Reporting Act that were not barred by sovereign immunity, he abandoned that argument by failing to raise it in his opening brief on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Markozy's claims, however, its judgment should have been entered without prejudice. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). We therefore modify the judgment below to reflect that the dismissal is without prejudice. *See* 28 U.S.C. § 2106 (providing that a federal appellate court "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review"); *see also Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (modifying district court judgment to dismissal without prejudice).

**AFFIRMED AS MODIFIED.**