[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11053

Non-Argument Calendar

_____

KATHLYN MOORE,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00395-CEM-DCI

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Kathlyn Moore brought claims against the United States for illegal tax collection.  After allowing Moore to amend her complaint three times, the district court dismissed it.  Because we agree that Moore's claims are all barred, we affirm.

## I.

Kathlyn Moore, proceeding pro se, filed claims against the United States alleging that the Internal Revenue Service conducted illegal tax collection when it took money out of her Social Security payments without notice.  The government moved to dismiss, arguing that Moore's requested relief was barred.  The district court agreed, but it allowed Moore to amend her complaint.  After Moore amended her complaint, the district court dismissed the case sua sponte because the parties failed to file a case management report pursuant to local rules.  The court later reopened the case once Moore obtained counsel.  Moore then filed a second amended complaint alleging that the government's tax collection violated her due process rights and was otherwise negligent.  Again, the government moved to dismiss, after which Moore's counsel withdrew from the case.

The magistrate judge issued a report recommending that Moore's claims be dismissed, to which Moore objected.  The district court adopted the magistrate judge's report and

recommendation and dismissed Moore's complaint. Moore appeals that dismissal.[1]

## II.

We review de novo a district court's dismissal for failure to state a claim and for lack of subject matter jurisdiction. *Georgia Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1112 (11th Cir. 2022). For this review, "we accept the allegations in the complaint as true and construe the facts in the light most favorable to the plaintiff." *Id.* at 1112–13. Pro se complaints should be construed liberally but still must comply with the procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *King v. United States*, 878 F.3d 1265, 1267 (11th Cir. 2018) (quotation omitted). And for claims of illegal tax collection, Congress has specifically limited the remedy that courts can provide. The Anti-Injunction Act "prohibits courts from entertaining pre-enforcement suits

---

[1] Moore also brings various allegations of bias and prejudice she claims occurred throughout the litigation process. She specifically contests the denial of her motion to recuse against the district court judge and magistrate judge, and claims that the government violated the rules of professional conduct. These claims are frivolous as they are based primarily on conjecture and her dissatisfaction with judicial determinations in her case rather than any real evidence of bias or prejudice.

challenging the IRS's assessment or collection of federal taxes." *Christian Coal. of Florida, Inc. v. United States*, 662 F.3d 1182, 1190 (11th Cir. 2011); *see* 26 U.S.C. § 7421(a).   And the Declaratory Judgment Act, "which generally authorizes courts to issue declaratory judgments as a remedy, excludes federal tax matters from its remedial scheme." *Christian Coal.*, 662 F.3d at 1188–89; *see* 28 U.S.C. § 2201(a).   For certain claims requesting damages based on illegal tax collection, Congress has waived sovereign immunity and allowed such relief to be granted by courts—but only if a plaintiff has exhausted the available administrative remedies.   26 U.S.C. § 7433(a), (d)(1).   Exhaustion requires that a plaintiff send an administrative claim to the appropriate IRS office.   Treas. Reg. § 301.7433-1(e)(1).

Moore's due process and negligence claims requesting injunctive relief, declaratory judgment, and damages are all barred. To the extent that her claims request injunctive relief and declaratory judgment, they are barred by sovereign immunity. And even if they were not, the Declaratory Judgment Act and the Anti-Injunction Act would prohibit the district court from issuing these forms of relief.  Sovereign immunity also bars Moore's claims requesting damages because she failed to exhaust the administrative remedies.  While Moore sent various letters to the IRS, none were sent to the appropriate IRS office and thus did not satisfy the exhaustion requirement. *See id.*

In one last attempt, Moore requests that she be allowed to amend her complaint for a third time.   Though courts should

23-11053                Opinion of the Court                5

generally allow for amendment, that principle does not apply when amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Here, Moore has already been given three chances to amend her complaint, and she fails to explain in her briefing before this Court how she would amend her complaint to resolve its deficiencies. Because any further amendment would be futile, we reject Moore's request.

★    ★    ★

Because Moore's claims are barred and amending her complaint would not resolve that defect, the district court did not err in its dismissal. We **AFFIRM.**